## Vaughn *vs.* Mills.                    Case 24.

APPEAL FROM FLOYD CIRCUIT.                  ORD. PET.

1. Though a plaintiff, suing for the recovery of land, makes a deed part of his petition, he is not bound to read it; and it forms no part of the record of the case unless made so by bill of exceptions. Proof should be adduced to show that the land in contest is covered by the deeds relied on.

2. Title papers copied into the records, but not made part of the bill of exceptions, cannot be regarded by the court of appeals as forming any part of the records.

[The facts of the case are set out in the opinion of the court.—REP.]

*R. Apperson,* for appellant—

The evidence, as certified to this court, shows no right in the appellee to the land in contest.    1. The bill of exceptions does not show that the deed copied into the record was read to the court—the law and facts having been submitted to him.    2. There is no proof showing that the deed covers the land in contest.    3. The will copied into the record is no part of the bill of exceptions, and therefore cannot be regarded by this court as any part of the case.    The appellee failed to show any right to the land sued for, and therefore the judgment in his favor should be reversed.

Judge SIMPSON delivered the opinion of the court.          Jan. 4, 1858.

This action was brought for a tract of land, which was described by the plaintiff in his petition by metes and bounds, and he filed with his petition, as evidence, the deed upon which he relied.

The defendant admitted in his answer that he was in possession of the land described in the petition, but denied the plaintiff's right thereto, and insisted that he himself was the owner of it.

The parties by consent submitted the law and the facts to the court, and a judgment having been rendered for the plaintiff the defendant has appealed to this court.

The bill of exceptions purports to contain all the evidence that was introduced on the trial, but contains no evidence whatever that even tends to prove that the plaintiff had any right to the land sued for. It does not state that the deed he filed was read as evidence, and as he was not bound to use it, although he had filed it, it cannot be regarded as any part of the evidence that was adduced on the trial. And if it had been used as evidence it would not have authorized a judgment for the plaintiff, without some additional testimony to show that it embraced the land in controversy. It only conveyed the place on which the grantor resided at the time of its execution. The land which it embraced was not described in the deed, and had therefore to be identified by extrinsic testimony.

The will referred to by the defendant, although copied in the record, was not made a part of the bill of exceptions, and therefore neither it, nor the deed filed by the plaintiff, can be considered by this court as part of the evidence that was heard on the trial of the cause. And as the plaintiff was not entitled to a judgment for the land in the possession of the defendant, until he established his right to it, and he failed to do so, the judgment in his favor is erroneous.

Wherefore, the judgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.

1. Though a plaintiff, suing for the recovery of land, makes a deed part of his petition, he is not bound to read it; and it forms no part of the record of the case unless made so by bill of exceptions. Proof should be adduced to show that the land in contest is covered by the deeds relied on.

2. Title papers copied into the records, but not made part of the bill of exceptions, cannot be regarded by the court of appeals as forming any part of the record.